**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HAMZA EWEEDAH, AKA Hamza Nabil Eweedah, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 19-71214 <br><br> Agency No. A200-569-716 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2020
Pasadena, California

Before: HURWITZ and FRIEDLAND, Circuit Judges, and KORMAN,[**] District
Judge.

Hamza Eweedah, a native of Saudi Arabia, petitions for review of a decision

of the Board of Immigration Appeals ("BIA") dismissing his appeal from the order

of an immigration judge ("IJ") denying Eweedah's applications for asylum,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction over Eweedah's petition for review under 8 U.S.C. § 1252, grant the petition, and remand for further proceedings.

In the original appeal from the IJ's order, the BIA held that Eweedah's conviction under California Vehicle Code § 20001(b)(2) for hit-and-run driving constituted a particularly serious crime making him ineligible for asylum or withholding of removal under the Immigration and Nationality Act and the CAT.[1] *See* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). After Eweedah petitioned for review, we granted the parties' joint motion to remand to allow agency consideration of our intervening opinion in *Gomez-Sanchez v. Sessions*, 892 F.3d 985 (9th Cir. 2018), which held that in determining whether a conviction constitutes a "particularly serious crime," the IJ "must take all reliable, relevant information into consideration . . . including the defendant's mental condition at the time of the crime, whether it was considered during the criminal proceedings or not," *id.* at 996.[2]

---

[1]     In this petition for review, Eweedah challenges only the IJ's denial of withholding of removal under the Immigration and Nationality Act and the CAT. He has not appealed the IJ's denial of deferral of removal under the CAT.

[2]     Before *Gomez-Sanchez*, the BIA had held that "mental health is not a factor to be considered in a particularly serious crime analysis." *Matter of G-G-S-*, 26 I. & N. Dec. 339, 339 (B.I.A. 2014).

On remand, Eweedah asked the BIA either to "remand the case back to the [IJ] to re-evaluate her decision" in light of *Gomez-Sanchez*, or, in the alternative, to "reverse[] the IJ's decision and find that the hit-and-run was not a particularly serious crime." Declining to take either suggested course, the BIA held that Eweedah's mental health condition at the time of the hit-and-run accident did not affect its prior holding that his crime was particularly serious. Eweedah again petitioned for review, arguing that the BIA erred by not remanding for the IJ to make this determination in the first instance. We agree.

In determining whether a crime is particularly serious, the agency must consider all "reliable, relevant" facts, with a focus on whether the alien poses a danger to the community. *Gomez-Sanchez*, 892 F.3d at 996; *see Matter of Carballe*, 19 I. & N. Dec. 357, 360 (B.I.A. 1986). This is the type of fact-intensive inquiry that the IJ, not the BIA, should ordinarily undertake in the first instance. *See Reyes v. Lynch*, 842 F.3d 1125, 1142 & n.18 (9th Cir. 2016); 8 C.F.R. § 1003.1(d)(3)(iv) ("[T]he Board will not engage in factfinding in the course of deciding appeals.").

The IJ did not do so here, presumably because *Gomez-Sanchez* had not yet been decided when the original order denying relief was issued. Although Eweedah testified about his mental condition at the time of the hit-and-run incident, the IJ did not explicitly weigh that testimony in concluding that Eweedah's crime was particularly serious. The BIA therefore should have remanded the matter to the IJ

3

for an initial determination of whether Eweedah's crime was particularly serious considering this mental health evidence. Although Eweedah suggested to the BIA that it could decide the issue on its own, a petitioner cannot confer fact-finding powers on the BIA. *See Reyes*, 842 F.3d at 1142-43.

**PETITION GRANTED; REMANDED.**

4